IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL WILSON, <br> AIS #230202, <br><br> Plaintiff, <br><br> v. <br><br> BOB RILEY, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:09-CV-632-ID <br> ) <br> ) <br> ) <br> ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Joseph Michael Wilson ["Wilson"], a state inmate, on July 7, 2009. In this complaint, Wilson seeks to present a myriad of claims regarding the conditions of confinement and actions to which he has been subjected at various correctional facilities over the past several years.

Upon initiation of this case, Wilson filed an application for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a). *Court Doc. No. 2*. However, under the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

danger of serious physical injury."[1]

The records of this court establish that Wilson, while incarcerated or detained, has on at least three occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which this court relies in finding a violation of § 1915(g) are: (1) *Wilson v. Moore, et al.*, Civil Action No. 3:04-CV-1207-MHT (M.D. Ala. 2005); (2) *Wilson v. Pryor, et al.*, Civil Action No. 2:04-CV-1052-MEF (M.D. Ala. 2004); and (3) *Wilson v. First Baptist Church of Dadeville, Alabama, et al*., Civil Action No. 3:04-CV-1004-MHT (M. D. Ala. 2005).

A thorough review of the compliant reveals a rambling recitation of alleged constitutional violations Wilson asserts have occurred throughout his approximate 6-years of incarceration in the Alabama prison system. The claims on which Wilson seeks relief are summarized as follows: (i) denial of adequate medical treatment, (ii) harassment by correctional officials due to his Wiccan religion, (iii) mental health officials using his Wiccan beliefs as a basis for their diagnosis of mental illness, (iv) subjection to repeated mental health evaluations, (v) refusal of correctional personnel to grant Plaintiff a lesser

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

custody classification level, (vi) threats of violence, (vii) acts of actual violence by other inmates against plaintiff at Bullock Correctional Facility in August of 2004 and October of 2007 and at Donaldson Correctional Facility on June 14, 2009, (viii) while at Bibb Correctional Facility in 2008, forty-four (44) days of confinement in segregation with no direct sunlight and high temperatures, (ix) the failure of correctional officials to properly enforce the mandatory "no smoking" policy, (x) fraudulent billing for medication not taken, (xi) confiscation of stamps and legal materials during confinement at Bibb Correctional Facility in 2008, (xii) various challenges to placement in/removal from faith dormitories during 2004, (xiii) the parole consideration process is biased against Plaintiff due to his religious beliefs, (xiv) allegations regarding conditions of confinement in the Donaldson Mental Health Unit, and (xv) general claims regarding the overcrowded and understaffed prison system. The allegations contained in the complaint fail to demonstrate that Wilson was "under imminent danger of serious physical injury" at the time he filed this case as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999).

Based on the foregoing, the court concludes that Wilson's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as the plaintiff failed to pay the requisite $350 filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)(emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice

3

when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Joseph Michael Wilson on July 7, 2009 (Court Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Wilson's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before July 22, 2009 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal those factual findings in the Recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of July, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE